# EXHIBIT A

Jan. 9. 2018 3:29PM  Law Office of Robert Starr  No. 0706  P. 18

*First Amended Complaint*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Nissan North America, Inc., and Does 1 to 100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Guadalupe Sweatman, individually, and on behalf of a class of similarly situated individuals

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN 11 2018

BY ASHLEE BAYLESS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Bernardino Superior Court, 247 W. Third St., San Bernardino, CA 92415

**CASE NUMBER:**
*(Número del Caso):*
CIVDS1709251

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Law Office of Robert Starr, 23901 Calabasas Rd., #2072, Calabasas, CA 91302, (818) 225-9040

DATE: JAN 11 2018    Clerk, by _____, Deputy
*(Fecha)*            *(Secretario)*                *(Adjunto)*

Ashlee Bayless

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Nissan North America, Inc.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*By Fax*

```
 1  Robert L. Starr (183052)
    robert@starrlaw.com
 2  THE LAW OFFICE OF ROBERT L. STARR
    23901 Calabasas Road, Suite 2072
 3  Calabasas, California 91302
    Telephone: (818) 225-9040
 4  Facsimile:  (818) 225-9042

 5  Attorneys for Plaintiff
    Guadalupe Sweatman
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

JAN [illegible] 2018

BY [signature]
ARLENE BAYLESS, DEPUTY

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN BERNARDINO

| | |
|---|---|
| Guadalupe Sweatman, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Nissan North America, Inc., and Does 1 to 100,<br><br>Defendants. | NO. CIVDS1709251<br><br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT:<br><br>1. Violation of Consumer Legal Remedies Act<br>2. Violations of Business and Professions Code Section 17200<br>3. Fraud<br>4. Breach of Implied Warranty |

By Fax

-1-

## INTRODUCTION

1. Plaintiff Guadalupe Sweatman ("Plaintiff") brings this action for herself and on behalf all persons in the State of California ("Class Members") who purchased or leased 2013 Nissan Rogue vehicles ("Class Vehicles") that were manufactured, distributed, and sold by Nissan North America, Inc., and/or its related subsidiaries or affiliates ("Nissan" or "Defendant").

2. Due to defects in the design of the Class Vehicles, the Class Vehicles experience defects with the CVT transmission. CVT stands for continuously variable transmission. A CVT is an automatic transmission that can change through a continuous range of gear ratios. According to Nissan, shifting is seamless with the CVT, and the vehicle performs as though it had a variable gear for every driving situation, meaning the driver would not feel any shift shock.

3. However, the Class Vehicles suffer transmission failures where the vehicles can no longer be operated. The transmission failures occur while the Class Vehicles are being used in a normal, foreseeable, and safe manner. This is referred to as the transmission defect

4. In addition to the existence of the transmission defect presenting a safety hazard, and resulting in Class Members having to spend thousands of dollars to repair the Class Vehicles, the existence of the transmission defect in the Class Vehicles has resulted in Class Vehicles having diminished value, thereby depriving plaintiff and the Class Members of the benefit of the value that has been paid for by the Class Members.

5. It is Plaintiff's information and belief that Nissan, through its own internal testing, records of customer complaints, dealership repair records, and other internal sources, was well aware and knew of the transmission defect prior to distributing the Class Vehicles. Furthermore, it is Plaintiff's information and belief that Nissan knew of the transmission defect prior to Plaintiff suffering damage as a result of the transmission defect.

6. Nissan did not disclose and actively concealed the transmission defect to consumers at the time of purchase or lease, and thereafter. Nissan continues to conceal the existence, nature, and extent of the transmission defect to consumers, even though the transmission defect is a very serious problem which poses a safety hazard to purchasers and lessees of the Class Vehicles, and the general public.

7. Nissan knew or should have known that the Class Vehicles were defective and not fit for their intended purpose of providing consumers with safe and reliable transportation, due to the transmission defect. Nevertheless, Nissan actively concealed and failed to disclose the transmission defect to Plaintiff and the Class Members at the time of purchase or lease and thereafter.

8. Nissan is aware of the transmission defect, as stated above, but routinely denies consumers requests for reimbursement of the expenses incurred in connection with the transmission defect. There have been numerous consumer complaints concerning the transmission defect. Notwithstanding Nissan's knowledge of these complaints, Nissan has not warned consumers about the defect, has not remedied the transmission defect, and has not compensated consumers for the damages resulting from the defect.

9. Plaintiff and the other owners and lessees of the Class Vehicles have been harmed and have suffered actual damages. The actual damages are that: (1) Class Vehicles continue to experience the transmission defect; (2) Nissan has not covered the damage that has resulted from the transmission defect under warranty; (3) Nissan has not reimbursed Class Members for the amount of out of pocket expenses that Class Members have paid as a result of Class Members experiencing the results of the transmission defect; and (4) Nissan has not rectified the transmission defect.

///
///
///


## PARTIES

### Plaintiff

10. Plaintiff resides in San Bernardino County the state of California, in the county of Riverside. Plaintiff purchased a new 2013 Nisan Rogue. The Vehicle was purchased primarily for personal, family and household purposes. Plaintiff has experience the transmission defect.

### Defendant

11. Nissan is a corporation that is authorized to conduct business in California, and is engaged in designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components.

## FACTUAL ALLEGATIONS

12. For years, NISSAN has designed, manufactured, distributed, sold, and leased the Class Vehicles.

13. As explained herein, the transmission defect poses a serious safety hazard to the Class Members and the public.

14. Nissan is aware of the Transmission defect, as stated above, but routinely denies consumers requests for reimbursement of the expenses incurred in connection with the transmission defect. There have been numerous consumer complaints concerning the transmission defect, but Nissan has not compensated consumers for the damages resulting from the defect.

15. Plaintiff and the Class Members have been harmed, in that the Class Vehicles continue to experience the transmission defect.

16. Class Members have experienced the transmission defect during the warranty period for the Class Vehicles. However Nissan as a matter of course does

Jan. 9. 2018 3:25PM  Law Office of Robert Starr    No. 0706  P. 6

not cover or pay for repairs relating to the transmission defect which occur during the warranty period.

17. Furthermore, Nissan does not warn customers about the transmission defect, and about the unsafe consequences of the transmission defect.

### Nissan Has Exclusive Knowledge Of The Transmission Defect

18. Nissan has superior and exclusive knowledge of the transmission defect, as Nissan knew the defect was not known or reasonably discoverable by Plaintiff and Class Members prior to their purchase or lease of the Class Vehicles.

19. The existence of the transmission defect is a fact that would be considered material by a reasonable consumer deciding whether to purchase or lease a vehicle. Reasonable consumers, like Plaintiff, expect and that a vehicle will not have the transmission defect, and will be safe to operate. Conversely, reasonable consumers do not expect Nissan not to disclose and fix the transmission defect, and to refuse to fix the Transmission defect.

### Nissan Has Actively Concealed the Transmission Defect

20. Nissan has actively concealed the existence and nature of the transmission defect from Plaintiff and Class Members at the time purchase or sale and thereafter.

21. Nissan still has not notified Plaintiff and the Class Members that their vehicles suffer from the transmission defect, which is a systemic defect, and Nissan has not reimbursed consumers for money paid by consumers to diagnose and/or repair the problem.

22. Because of the defects, the value of the Class Vehicles has diminished.

### TOLLING OF THE STATUTE OF LIMITATIONS

23. Since the defects in the design or manufacture of the Class Vehicles

1 cannot be detected until the defect manifests itself, Plaintiff and the Class Members
2 were not reasonably able to discover the problem until after purchasing or leasing
3 the Class Vehicles, despite their exercise of due diligence.

4     24.    Plaintiff and the Class Members had no realistic ability to discern that
5 the Class Vehicles were defective until after Plaintiff and the Class Members
6 experienced the transmission defect. Therefore, the delayed discovery rule is
7 applicable to the claims asserted by Plaintiff and the Class Members.

8     25.    On information and belief, Nissan has known of the defect in the Class
9 Vehicles, and has concealed from or failed to alert owners and lessees of the Class
10 Vehicles of the full and complete nature of the transmission defect.

11     26.    Any applicable statute of limitation has therefore been tolled by
12 Nissan's knowledge, active concealment, and denial of the facts alleged herein.
13 Nissan is further estopped from relying on any statute of limitation because of its
14 concealment of the defective nature of the Class Vehicles.

15

16                             **CLASS ACTION ALLEGATIONS**

17     27.    Plaintiff brings this lawsuit as a class action on behalf of herself and all
18 other Class Members similarly situated as members of the proposed Plaintiff Class
19 pursuant to Code of Civil Procedure section 382. This action satisfies the
20 numerosity, commonality, typicality, adequacy, predominance, and superiority
21 requirements of those provisions.

22     28.    The Class and Sub-Class are defined as:
23           Class: All Persons in the State of California who purchased
24           or leased a Class Vehicle.
25           Sub-Class: All Class Members who are "consumers" within
26           the meaning of California Civil Code § 1761(d) Excluded
27           from the Class and Sub-Classes are: (1) Defendant, any
28           entity or division in which Defendant has a controlling

1  interest, and its legal representatives, officers, directors,
2  assigns, and successors; (2) the Judge to whom this case is
3  assigned and the Judge's staff; and (3) those persons who
4  have suffered personal injuries as a result of the facts alleged
5  herein. Plaintiffs reserve the right to amend the Class and
6  Sub-Classes definitions if discovery and further
7  investigation reveal that the Class and Sub-Classes should
8  be expanded or otherwise modified.

9  29. Numerosity: Although the exact number of Class Members is uncertain
10 and can only be ascertained through appropriate discovery, the number is great
11 enough such that joinder is impracticable. The disposition of the claims of these
12 Class Members in a single action will provide substantial benefits to all parties and
13 to the Court. The Class Members are readily identifiable from information and
14 records in Defendant's possession, custody, or control, as well as from records kept
15 by the Department of Motor Vehicles.

16 30. Typicality: The claims of the representative Plaintiff are typical of the
17 claims of the Class in that the representative Plaintiffs, like all Class Members,
18 purchased and/or leased a Class Vehicle designed, manufactured, and distributed by
19 Nissan. Plaintiff, like all Class Members, has been damaged by Defendant's
20 misconduct in that she has incurred or will incur the cost of repairs relating to the
21 transmission defect. Furthermore, the factual bases of Nissan's misconduct are
22 common to all Class Members and represent a common thread of fraudulent,
23 deliberate, and negligent misconduct resulting in injury to all Class Members.

24 31. Commonality: There are questions of law and fact common to Plaintiff
25 and the Class that predominate over any question affecting only individual Class
26 Members. These common legal and factual issues include the following:
27    a.   whether the Class Vehicles suffer from the transmission defect;
28

  b. whether the transmission defect constitutes an unreasonable safety risk;

  c. whether Defendant knows about the transmission defect and, if so, how long Defendant has known of the defect;

  d. whether the defective nature of the Class Vehicles constitutes a material fact;

  e. whether Defendant has a duty to disclose the defective nature of the Class Vehicles to Plaintiffs and Class Members;

  f. whether Plaintiffs and the other Class Members are entitled to equitable relief, including but not limited injunctive relief.

  g. Whether Defendant knew or reasonably should have known of the transmission defect in the Class Vehicles before they were sold;

  h. Whether Defendant should be declared responsible for notifying all Class Members of the problems with the Class Vehicles and for the costs and expenses of repair and replacement of the Class Vehicles;

  i. Whether Defendant breached the express terms of its own warranty by refusing to pay for repairs relating to the transmission defect during the term of the warranty;

  j. Whether Defendant concealed and refused to disclose the nature of the transmission defect from purchasers and lessees of Class Vehicles at the time of sale and otherwise.

  32. <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

  33. <u>Predominance and Superiority</u>: Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available

methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

### FIRST CAUSE OF ACTION

Violation of Consumer Legal Remedies Act

Against All Defendants

34. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

35. Plaintiff brings this cause of action on behalf of herself and on behalf of the members of the Sub-Class.

36. Defendant is a "person" as defined by California Civil Code § 1761(c) and defendant is guilty of committing representations.

37. Plaintiff and Class Members are "consumers" or "persons" within the meaning of California Civil Code § 1761(d).

38. By failing to disclose and concealing the defective nature of the Class Vehicles from Plaintiff and prospective Class Members, Defendant violated Civil Code section 1770(a), as it made representations which were deceptive, represented that Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard, quality, or grade

-9-

when they were of another, and advertised the vehicles with the intent not to sell them as advertised. (See Civil Code section 1770(a) (4) (5) (7) & (9).)

39. Defendant's unfair and deceptive acts or practices occurred repeatedly in Defendant's trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

40. Defendant knew that the Class Vehicles suffered from an inherent defect, were defectively designed or manufactured, would experience the transmission defect, and were not suitable for their intended use.

41. Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the transmission defect, as well as the associated costs that would have to frequently be expended in order to repair the Class Vehicles due to the transmission defect, because:

    a. Defendant was in a superior position to know the true state of facts about the transmission defect in the Class Vehicles;

    b. Plaintiff and the Class Members could not reasonably have been expected to learn or discover that the Class Vehicles had a dangerous safety defect until manifestation of the defect; and

    c. Defendant knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover the safety defect.

42. In failing to disclose the defective nature of the Class Vehicles, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

43. The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to purchase a Class Vehicle. Had Plaintiff and other Class Members known that the Class Vehicles had the transmission defect, they would not have purchased a Class Vehicle.

///

44. Plaintiff and the Class Members are reasonable consumers who do not expect their Class Vehicles will experience a manifestation of the Transmission defect. That is the reasonable and objective consumer expectation relating to the transmission defect.

45. As a result of Defendant's conduct, Plaintiff and Class Members have been harmed and have suffered actual damages in that the Class Vehicles are continually experiencing the Transmission defect, causing inconvenience, creating a serious safety hazard, and causing Class Members to spend money.

46. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

47. Plaintiff and the Class are entitled to equitable relief, actual damages, and attorney fees and costs.

## SECOND CAUSE OF ACTION

Violation of Unfair Competition Law

Against All Defendants

48. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

49. Business & Professions Code section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

50. Plaintiff and the Class Members are reasonable consumers who do not expect their Class Vehicles to experience the transmission defect. That is the reasonable and objective consumer expectation relating to the Class Vehicles.

51. In failing to disclose the Transmission defect, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

52. Defendant was under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles because:

    a. Defendant was in a superior position to know the true state of facts about the Transmission defect in the Class Vehicles;

    b. Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and,

    c. Defendant actively concealed the defective nature of the Class Vehicles from Plaintiff and the Class Members.

53. The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase the Class Vehicles. Had Plaintiff and other Class Members known that the Class Vehicles had the Transmission defect, Plaintiff and the Class Members would not have purchased Class Vehicles.

54. Defendant continued to conceal the defective nature of the Class Vehicles even after Class Members began to report problems. Indeed, Defendant continues to cover up and conceal the true nature of the problem. Defendant has failed to disclose to consumers that the Transmission defect exists. Defendant has also failed to reimburse consumers for costs incurred in connection with the Transmission defect.

55. By its conduct, Defendant has engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

56. Defendant's unfair or deceptive acts or practices occurred repeatedly in Defendant's trade or business, and were capable of deceiving a substantial portion of the purchasing public.

57. As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the Class have suffered and will continue to suffer actual damages.

58. Defendant has been unjustly enriched and should be required to make restitution to Plaintiff and the Class pursuant to §§ 17203 and 17204 of the Business & Professions Code.

## THIRD CAUSE OF ACTION

### Fraud

### Against All Defendants

59. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

60. It is Plaintiff's information and belief that Nissan knew or should have known that the transmission defect in its Class Vehicles was a condition rendering the Class Vehicles defectively designed or manufactured, causing the Class Vehicles to experience the transmission defect, rendering the vehicles not suitable for their intended use.

61. Defendant concealed from and failed to disclose to Plaintiff and the Class the defective nature of the Class Vehicles.

62. Defendant was under a duty to Plaintiff and the Class to disclose the defective nature of the transmission defect because:

  a. Defendant was in a superior position to know the true state of facts about the Transmission defect in the Class Vehicles;

  b. Defendant made partial disclosures about the quality of the Class Vehicles without revealing the defective nature of the Class Vehicles; and

  c. Defendant actively concealed the defective nature of the Class Vehicles from Plaintiff and the Class.

63. The facts concealed or not disclosed by Defendant to Plaintiff and the Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase the Class Vehicles. Had Plaintiff and other Class Members known that the Class Vehicles had the

Transmission defect, Plaintiff and the Class Members would not have purchased and leased Class Vehicles, or would have paid less for them.

64. Defendant continued to conceal the defective nature of the Class Vehicles even after Class Members began to report problems. Indeed, Defendant continues to cover up and conceal the true nature of the problem.

65. Defendant concealed or failed to disclose the true nature of the design or manufacturing defect consisting of the transmission defect existing in its Class Vehicles to induce Plaintiff and the Class to act thereon. Plaintiff and the Class Members justifiably relied on the omission to their detriment.

66. Defendant continued to conceal the transmission defect even after Members of the Class began to report problems.

67. As a direct and proximate result of Defendant's misconduct, Plaintiff and the Class Members have suffered and will continue to suffer actual damages.

## FOURTH CAUSE OF ACTION
### Breach of Implied Warranty
### Against All Defendants

68. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

69. Nissan was at all times the manufacturer, distributor, warrantor, and seller of the Class Vehicles. Nissan knew or had reason to know of the specific use for which the Class Vehicles were purchased or leased.

70. Nissan provided Plaintiff and the Class Members with an implied warranty that the Class Vehicles and their components and parts were merchantable and fit for the ordinary purposes for which they were sold. However, the Class Vehicles were and are not fit for their ordinary purpose of providing reasonably reliable and safe transportation, because the transmission defect results in the Class Vehicles being unsafe.

71. As a result of Nissan's breach of the applicable implied warranties, owners and lessees of Class Vehicles, including Plaintiff and the Class Members, have suffered ascertainable loss of money, property and value of the Class Vehicles, as well as suffering other damage.

## RELIEF REQUESTED

72. Plaintiff, on behalf of herself, and all others similarly situated, requests the Court to enter judgment against Defendant, as follows:

    a. An order certifying the proposed Class and Sub-Classes, designating Plaintiff as named representatives of the Class, and designating the Plaintiff's Counsel as Class Counsel;

    b. A declaration that Defendant is financially responsible for notifying all Class Members about the defective nature of the Class Vehicles;

    c. An order enjoining Defendant from further deceptive distribution, sales, and lease practices with respect to the Class Vehicles, and to repair the Class Vehicles so that they will no longer possess the Transmission defect;

    d. An award to Plaintiff and the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

    e. An award to Plaintiff and the Class of any repair costs they are owed;

    f. A declaration that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale or lease of the Class Vehicles, or make full restitution to Plaintiff and Class Members;

    g. An award of attorneys' fees and costs, as allowed by law;

    h. An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5.

1      i.    An award of pre-judgment and post-judgment interest, as provided by law;

     j.    Leave to amend the Complaint to conform to the evidence produced at trial; and

     k.    Such other relief as may be appropriate under the circumstances.

Date: January 8, 2018          LAW OFFICE OF ROBERT STARR

_____
Adam Rose
Attorney for Plaintiff
Guadalupe Sweatman

May. 12. 2017 10:36AM   The Law Office of Robert Starr                No. 8240   P. 9

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert L. Starr, Esq. (SBN 183052)<br>THE LAW OFFICE OF ROBERT L. STARR, APC<br>23901 Calabasas Road, Suite 2072<br>Calabasas, California 91302<br>TELEPHONE NO.: (818) 225-9040  FAX NO.: (818) 225-9042<br>ATTORNEY FOR (Name): Plaintiff, GUADALUPE SWEATMAN | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>MAY 12 2017<br><br>BY _____<br>LISETTE HUEZO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Thrid Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
SWEATMAN v. NISSAN NORTH AMERICA, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CIVDS1709251<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 4, 2017

Robert L. Starr, Esq. (SBN 183052)
(TYPE OR PRINT NAME)                                 ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

| GUADALUPE SWEATMAN | CASE NO.: CIVDS1709251 |
|---|---|
| vs. | CERTIFICATE OF ASSIGNMENT |
| NISSAN NORTH AMERICA, INC. | |

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General     ☐ Collection

BY FAX

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Nissan of San Bernardino | 735 West Showcase Drive |
|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |
| San Bernardino | California | 92408 |
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on May 4, 2017 at Calabasas _____, California

_Signature of Attorney/Party_

## CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014